NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10331 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00061-GEB-1 |
| v. | |
| LAGRANGER JONES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 14, 2018[**]
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[***] Senior District Judge.

Defendant-Appellant LaGranger Jones appeals his 210-month sentence for

distribution of methamphetamine and conspiracy to distribute methamphetamine

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

under 21 U.S.C. §§ 841(a), 846. The applicable Guidelines range is 262 to 327 months. Jones, who is paraplegic, argues that (1) the district court erred in refusing to apply U.S.S.G. § 5H1.4, which allows for a downward departure based on "extraordinary physical impairment," and (2) his sentence is substantively unreasonable.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's decision whether to grant a downward departure as part of the overall substantive reasonableness analysis. *See United States v. Kaplan*, 839 F.3d 795, 804 (9th Cir. 2016) ("[T]o the extent that a district court has framed its analysis in terms of a . . . departure, we will treat such so-called departures as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable guidelines range [, and that sentence] is subject to a unitary review for reasonableness." (alterations in original) (quoting *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006))). As a result, the question whether the district court erred by not applying a departure under § 5H1.4 is "replaced" by the question whether the district court "impose[d] a reasonable sentence." *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012) (quoting *Mohamed*, 459 F.3d at 986) (internal quotation marks omitted).

Jones's below-Guidelines sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (noting that a sentence *within* the

Guidelines range is usually reasonable); *United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) ("Because 'a Guidelines sentence will usually be reasonable,' [the defendant's] below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable." (citations and internal quotation marks omitted) (quoting *Carty*, 520 F.3d at 994)).  It was not an abuse of discretion for the district court to conclude that Jones's disability—though undoubtedly challenging—did not require an additional downward variance from the Guidelines range.  Nor does Jones identify another reason why his sentence is unreasonable.  Accordingly, we **AFFIRM**.